Weldon, J.,
delivered the opinion of the court:
The claim in the above-entitled suit having been transmitted to this court by the Committee on War Claims of the House of Representatives on the 22d day of December, 1884, the Attorney-General having appeared for the defendants, and the suit having been brought to a hearing on the 10th day of February, 1886, the court, upon the proofs and evidence, and after hearing Gilbert S. Moyers, esq., of counsel for the claimant, and H. *226 J. May, esq., of counsel for the defendants, the court upon the facts decides as follows :
This is a matter referred to the court by the War Claims Committee of the House of Representatives, under the provisions of the act of March 3,1883, entitled “ An act to afford assistance and relief to Congress and the Executive Departments in the investigation of claims and demands against the Government,” known as the Bowman Act. For the purposes-of the legal conclusion reached by the court, the facts may be stated briefly as follows : *
The. petitioner resided at La Grange, Fayette County, Tennessee, during the late war, and at the time it is alleged the property was taken for the use of the Army. The evidence discloses that the property consisted of a blacksmith shop and tools, and about 50 cords of wood. Other property, as it is alleged, was taken ; but the claim for such property was abandoned on the trial. The circumstances of the taking were as follows: When the Confederate forces attacked Davis’s Mills the Federal forces then stationed at La Grange, for the purpose of protecting themselves against athreatened attack, tore down the shop of the petitioner, and used the materials in the erection of temporary breastworks; the tools were lost as incident to the destruction of the shop. It is hard to determine' what became of the wood, but the evidence shows that some of it was used to build said defenses.
Upon this state of facts it is insisted by the counsel for the Government that the court has no jurisdiction to report the facts to the committee, but the proceeding should be dismissed for want of jurisdiction. The court having found, on preliminary inquiry, that the claimant was loyal throughout the late war, the only question of jurisdiction arises on the subject-matter of the claim and the circumstances under which the rights of the petitioner were affected by the conduct of the defendants.
The third section of the Bowman Act reads as follows :
“The jurisdiction of said court shall not extend to or include any claim against the United States growing out of the destruction or damage to property by the Army and Navy during the war for the suppression of the rebellion, or the use and occupation of real estate by any part of the military or naval forces during said war at the seat of war.”
Congress did not intend, by the passage of the law under *227 which this petition is filed, to recognize, in the remotest deg’ree, any liability on the part of the United States growing out of the prosecution of belligerent operations against the public enemy; and hence they limited the jurisdiction of this court to claims for supplies or stores “taken by or furnished to any part of the military or naval forces for their use during the late war,” as provided in the first part of section 4 of said act.
The very acts complained of were acts of war on the part of the forces of the United States, to wit, the erection of temporary breastworks or fortifications made necessary by the proximity of the enemy and his threatened attack. It was held by the Southern Claims Commission, “when buildings are torn down, if the materials are used to erect other buildings for the use of the Army, such materials become supplies, and their value as materials for the purpose for which they are used is paid to the owner.” The facts of the taking in this case do not present such a claim, but in effect establish a damage or destruction of property by the Army of the United States as a part of its belligerent operations against the Confederate forces. If, in the absence of actual or threatened hostilities, the military forces of the United States used the materials of a building for purposes of use not incident to actual or threatened hostilities, then such material might be denominated supplies.
The “ destruction or damage to proper^” into which we are not permitted to inquire may be a destruction or damage to either real, personal, or mixed property, and if upon investigation it appears from the evidence that it was a destruction or damage to property by the Army or Navy aud not the taking of supplies or stores, as provided by the fourth section, then we have no jurisdiction to report the facts to Congress, but must dismiss the proceeding for want of jurisdiction. When the question of jurisdiction is decided adversely to the further maintenance of the suit, the question of jurisdiction is the only one which can be discussed or decided.
This petition is dismissed for want of jurisdiction as to the subject-matter, and the order dismissing the same will be certified to the Committee on War Claims of the House of Bepre-sentatives. ■